UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ROBERT HARSH,  
    Plaintiff

Case No. 1:07-cv-427

Dlott, J.

vs

B.A. BOST,  
    Defendant

**ORDER**

    Plaintiff, an inmate at the Chillicothe Correctional Institution in Chillicothe, Ohio, brings this prisoner civil rights action under 42 U.S.C. § 1983 against B.A. Bost, a trooper with the Ohio State Highway Patrol. By separate Order issued this date, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a sua sponte review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

    A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall,* 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez,* 504 U.S. 25, 32 (1992); *Lawler,* 898 F.2d at 1199.

Congress has also authorized the dismissal of complaints which fail to state a claim upon which relief may be granted or which seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b)(1-2). A complaint fails to state a claim for relief "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000).

Plaintiff, who is proceeding pro se, alleges that on February 11, 2006, he was arrested by defendant Bost for operating a motor vehicle under the influence, speeding, and driving under OVI suspension. Plaintiff alleges that Officer Bost gave false testimony at his criminal trial and that he was wrongly convicted as a result of such testimony. As relief, he seeks release from prison and damages.

To the extent plaintiff seeks relief in the form of an immediate or speedier release from imprisonment, his sole federal remedy is a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 after he has exhausted his state remedies. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Hadley v. Werner*, 753 F.2d 514 (6th Cir. 1985).

To the extent plaintiff seeks damages, his cause of action is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held that if a judgment rendered in the plaintiff's favor would necessarily imply that his conviction or sentence was invalid, the complaint for damages under § 1983 must be dismissed unless the plaintiff has already succeeded in having the conviction or sentence invalidated through reversal on direct appeal, expungement by executive order, or declaration of invalidity by a state tribunal authorized to make such a determination or by a federal court's issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *Heck*, 512 U.S. at 486-87.

2

In this case, plaintiff alleges that his conviction is illegal because it is based upon false testimony by Officer Bost. A judgment in favor of plaintiff in this action would necessarily imply that his state court conviction and resulting imprisonment are invalid. *See Albert v. Schwartz*, 173 Fed. Appx. 106, 108 (3d Cir. 2006) (per curiam) (concluding that *Heck* barred claim that defendants knew of and failed to report false information that was submitted as evidence to support plaintiff's conviction); *Shaw v. Harris*, 116 Fed. Appx. 499, 500 (5th Cir. 2004) (per curiam) (holding that claims of evidence tampering and prosecution based on false evidence and perjury would imply invalidity of conviction and be barred by *Heck* ). Because plaintiff has not alleged facts indicating that his conviction and resulting confinement have been invalidated by a federal or state court or other appropriate tribunal, he may not proceed with his claim for damages in this § 1983 action.

Accordingly, the Court concludes that plaintiff's complaint is subject to dismissal on the ground that it fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983. The complaint is hereby **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of this Court's Order would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

**IT IS SO ORDERED.**

Susan J. Dlott, Judge
United States District Court

3